```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MONTGOMERY CARL AKERS,**

                       **Plaintiff,**

        v.                              CASE NO. 09-3037-RDR

**SAM A. CROW, et al.,**

                       **Defendants.**

### O R D E R

This matter is before the court on a form <u>Bivens</u>[1] complaint filed pro se by a prisoner incarcerated in a federal correctional facility in Florence, Colorado. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because the payment of any initial partial filing fee assessed by the court in this matter

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

would be applied to plaintiff's outstanding fee obligations,[2] the court grants plaintiff leave to proceed in forma pauperis in the instant matter and assesses no initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Plaintiff complains about the handling of a previous case he filed in the District of Kansas, Akers v. Keszei, Case No. 09-3016-SAC, and names as defendants the district court judge assigned to that case, and the clerk of the court for the District of Kansas. Plaintiff claims his access to the court is being denied by defendants' alleged conspiracy to violate plaintiff's constitutional rights. Specifically, plaintiff claims the district court judge is denying plaintiff access to the courts by not deciding plaintiff's pending motion for leave to proceed in forma pauperis, and alleges error by the clerk's non-random assignment of the case to a district court judge. On these bare allegations plaintiff seeks injunctive relief, costs, and attorney fees.

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by

---

[2]Records in the District of Kansas disclose that plaintiff has the following prior fee obligations: Akers v. Vratil, Case No. 05-3080-GTV ($250.00 district court filing fee); Akers v. Martin, Case No. 08-3175-SAC ($350.00 district court filing fee *and* $455.00 appellate filing fee); Akers v. Shute, Case No. 08-3106-SAC ($350.00 district court filing fee); and Akers v. Keszei, Case No. 09-3032-SAC ($350.00 district court filing fee).

a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S.Ct. 1955, 1974 (2007). *See* Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying Twombly standard for dismissing a complaint as stating no claim for relief).

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, the Supreme Court recognized a private right of action in favor of victims of constitutional violations committed by federal agents in the performance of their official duties. 403 U.S. at 396-97. While Bivens provides a remedy against individual federal officials who act in an unconstitutional manner, Bivens is best understood as providing only a cause of action for damages. *See* Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1230-32 (10th Cir. 2005). Bivens provides no remedy for a claim alleging constitutional deprivation by a federal official acting in their official capacity. *See* Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001)("There is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity.").

Having reviewed plaintiff's complaint, the court finds it should be dismissed because the allegations in the complaint state no claim upon which relief can be granted under Bivens.

3

To the extent plaintiff seeks injunctive relief from either defendant, it is arguable that defendants are immune from such relief in this <u>Bivens</u> action. *See* <u>Hatten v. White</u>, 275 F.3d 1208, 1210 (10th Cir. 2002)(federal employees sued in their official capacities are immune from a <u>Bivens</u> suit); <u>Mehdipour v. Purcell</u>, 173 F.Supp.2d 1165, 1167 (W.D.Okla. 2001)(holding that without direction from the Supreme Court or the Tenth Circuit to the contrary, decisions from the Sixth, Ninth, and Eleventh Circuits would be relied upon to find federal judges are immune from equitable relief in a <u>Bivens</u> action), *aff'd,* 62 Fed.Appx. 203 (10th Cir.), *cert. denied*, 540 U.S. 1056 (2003); <u>Whitesel v. Sengenberger</u>, 222 F.3d 861, 867 (10th Cir. 2000)(extending judicial immunity to non-judicial officers for duties having an integral relationship with the judicial process)(quotations and citations omitted). *But see* <u>Switzer v. Coan</u>, 261 F.3d 985, 990 n.9 (10th Cir. 2001)(discussing but not deciding whether prospective injunctive relief exception to judicial immunity under 42 U.S.C. § 1983, as recognized in <u>Pullman v. Allen</u>, 466 U.S. 522 (1984), extends to <u>Bivens</u> action against a federal judge).

It is clear, however, that the extraordinary equitable relief sought by plaintiff in this action is precluded because an adequate legal remedy is available for obtaining relief. *See* <u>Mehdipour</u>, 173 F.Supp.2d at 1167. Plaintiff can pursue such relief in his previously filed and pending case with the availability of appellate review, or he can seek extraordinary relief from the circuit court. Accordingly, the instant action is subject to being summarily dismissed. *See* <u>Switzer v. Coan</u>, 261 F.3d 985, 990-92 (10th Cir. 2001)(affirming the dismissal of equitable claims in <u>Bivens</u> action

4

against federal judge because there was an adequate remedy of law, citing cases in other jurisdictions).

Moreover, plaintiff's allegations regarding the status of his previously filed case now appear moot, as court records disclose that plaintiff was recently granted leave to proceed in forma pauperis in that action, and that the clerks' office was directed to issue summons for service by the United States Marshal's office.  Also, the distribution of case filings among district judges is governed by the rules and orders of the court, 28 U.S.C. 137, and not at the discretion of the Clerk of the Court.  The court thus finds plaintiff's claim that either defendant has deprived plaintiff of his right of access to the courts is frivolous.

Because it is "patently obvious" the complaint presents no cognizable claim under Bivens upon which relief can be granted against the two named defendants, and it would be futile to allow plaintiff an opportunity to amend his complaint, see Whitney v. State of N.M., 113 F.3d 1170, 1173 (10th Cir. 1997), the court concludes the complaint should be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious ...[or] fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2) once plaintiff's prior fee obligations have been fully satisfied.

IT IS FURTHER ORDERED that the complaint is dismissed as frivolous and as stating no claim for relief.

The clerk's office is to provide copies of this order to plaintiff and to the Finance Officer where plaintiff is currently confined.

DATED:  This 2nd day of March 2009, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge