```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**MONTGOMERY CARL AKERS,**

                    **Plaintiff,**

        **v.**                                    **CASE NO. 09-3037-RDR**

**SAM A. CROW, et al.,**

                    **Defendants.**

**O R D E R**

Before the court is plaintiff's notice of appeal from the court's final order and judgment on March 2, 2009, in which the court granted plaintiff leave to proceed in forma pauperis, and dismissed the complaint as frivolous and as stating no claim for relief. Plaintiff did not prepay the $455.00 filing fee for his appeal, and has not submitted a motion seeking leave to proceed in forma pauperis on appeal.

The Tenth Circuit Court of Appeals recently held that independent determinations of indigence must be made when a prisoner files a civil complaint and when the prisoner then files a notice of appeal in a civil action. <u>Boling-Bey v. U.S. Parole Commission</u>, __ F.3d __, 2009 WL 762213 (10th Cir. March 18, 2009). Accordingly, regardless of whether a prisoner was granted leave to proceed in forma pauperis in the district court, "a prisoner seeking to proceed *ifp* on appeal from a judgment in a civil action or proceeding must file a new motion in the district court together with a supporting

affidavit and a certified copy of the prisoner's trust fund account statement for the six-month period immediately prior to the filing of the notice of appeal" Id. at *3.  See 28 U.S.C. § 1915(a)(1)-(2).[1]  Pursuant to Fed.R.App.P. 24(a)(1)(C), the affidavit supporting the *ifp* motion must also include a statement of "the issues ... the party intends to present on appeal." Id. at *5, n.6.

The court grants plaintiff additional time to satisfy these requirements.

IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) days to submit an executed form motion for seeking leave to proceed in forma pauperis on appeal, that is supported by the affidavit required under 28 U.S.C. § 1915(a)(1) and Fed.R.Civ.P. 24(a)(1)(C), and by the certified accounting of plaintiff's inmate trust fund account as required by 28 U.S.C. § 1915(a)(2).

---

[1] 28 U.S.C. § 1915(a) reads:
(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

The clerk's office is to provide plaintiff with a form motion for filing under 28 U.S.C. § 1915.

DATED: This 26th day of March 2009, at Topeka, Kansas.

  s/ Richard D. Rogers  
RICHARD D. ROGERS  
United States District Judge